**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION**

**KARLA VANESSA ARCIA, an individual, MELANDE ANTOINE, an individual, VEYEYO, a civic organization based in Miami-Dade County, FLORIDA IMMIGRANT COALITION, INC., a Florida non-profit corporation, NATIONAL CONGRESS FOR PUERTO RICAN RIGHTS, a Pennsylvania non-profit corporation, FLORIDA NEW MAJORITY, INC., a Florida non-profit corporation, and 119SEIU UNITED HEALTHCARE WORKERS EAST, a Labor Union,**

**Plaintiffs,**

**v.**

**KEN DETZNER, in his official capacity as Florida Secretary of State,**

**Defendant.**

**CASE NO. 1:12-cv-22282-WJZ**

## ANSWER

Defendant, Florida Secretary of State Kenneth W. Detzner ("Secretary"), answers the Complaint for Declaratory and Injunctive Relief and provides affirmative defenses as follows:

1. Admitted that Plaintiffs seek declaratory and injunctive relief and admitted that the VRA speaks for itself; otherwise denied. Specifically denied that the labels Plaintiffs use are accurate descriptions of the actions which form the basis of the Complaint, and denied that the actions are "known as" "Processing Ineligible Registered Voters-Non-Immigrants."

2. Admitted that Plaintiffs seek declaratory relief and admitted that the NVRA and statutes speak for themselves; otherwise denied.

3. Admitted that Plaintiffs seek declaratory relief and admitted that Section 8 of the NVRA speaks for itself; otherwise denied.

4. Without knowledge and therefore denied as to the first sentence. As to the second sentence, admitted that Ms. Arcia is registered to vote and has voted in Florida, otherwise without knowledge and therefore denied. Without knowledge and therefore denied as to the third sentence. Denied as to the fourth sentence.

5. Without knowledge and therefore denied as to the first sentence. As to the second sentence, admitted that Mrs. Antoine is registered to vote and has voted in Florida, otherwise without knowledge and therefore denied. Without knowledge and therefore denied as to the third sentence. Denied as to the fourth sentence.

6. Without knowledge and therefore denied.

7. Without knowledge and therefore denied.

8. Without knowledge and therefore denied.

9. Without knowledge and therefore denied.

10. Without knowledge and therefore denied.

11. Admitted that the Secretary is sued in his official capacity and admitted that section 97.012[1], Florida Statutes, speaks for itself; otherwise denied.

12. The statutes speak for themselves; otherwise denied.

13. The statutes speak for themselves; otherwise denied.

14. Admitted that there is a press release dated May 9, 2012 issued by the Secretary and that the press release speaks for itself; otherwise denied.

---

[1] Plaintiffs seem to have made a typographical error in citing to section 92.012 instead of section 97.012. If Plaintiffs intended to cite to section 92.012, then the Secretary answers that the statute speaks for itself; otherwise denied.

15. Admitted that the press release dated May 9, 2012 speaks for itself; otherwise denied.

16. Admitted that the press release dated May 9, 2012 speaks for itself; otherwise denied.

17. Admitted that between April 4 and April 30, 2012, the Secretary forwarded a sample containing the names of roughly 2,600 potentially ineligible registered voters to the 67 County Supervisors of Elections for their additional review and admitted that the sample included names of individuals registered in Palm Beach, Broward, Miami-Dade and Monroe Counties; otherwise denied. Specifically denied that the sample was a "Purge List."

18. Admitted that the referenced documents speak for themselves; otherwise denied.

19. Admitted that in late-April of 2012, the Secretary conducted a webinar with the County Supervisors of Elections, which included a PowerPoint document entitled "Processing Ineligible Registered Voter-Non-Immigrants," which speaks for itself; otherwise denied.

20. As to the first sentence, the PowerPoint speaks for itself; otherwise denied. As to the second sentence, admitted that there were media reports of citizens in the sample and admitted that the method used to arrive at the sample operated only as an initial screening device to identify *potentially* ineligible voters, but denied that the Secretary conclusively identified any individuals as non-citizens; otherwise denied.

21. Admitted that the PowerPoint speaks for itself; otherwise denied.

22. Admitted that the PowerPoint and May 9 press release speak for themselves; otherwise denied.

23. Admitted that the PowerPoint speaks for itself; otherwise denied.

24. Admitted that one County Supervisor of Elections did not pursue the notice and removal process in section 98.075, Florida Statutes, and admitted that most have pursued the process; otherwise, without knowledge and therefore denied.

25. Admitted that section 2 of the VRA speaks for itself; otherwise denied.

26. Admitted that Florida's voter registration application form contains an optional prompt for "Race/Ethnicity" and admitted that the State's "Race/Ethnicity" data and the sample's race / ethnicity data speak for themselves; otherwise denied.

27. Admitted that the PowerPoint speaks for itself; otherwise denied.

28. Admitted that some Black and Hispanic persons in Florida have suffered discrimination generally, but specifically denied that the Secretary's actions—or the actions of others that form the basis of Plaintiff's Complaint—constitute discrimination against Black or Hispanic persons in Florida; otherwise denied.

29. Denied.

30. Without knowledge of Plaintiffs' concerns and therefore denied; otherwise denied.

31. Admitted that the Florida Statutes speak for themselves; otherwise denied. As to the footnote, the statutes speak for themselves; otherwise denied.

32. Admitted that Section 8(b)(1) of the NVRA speaks for itself; otherwise denied.

33. Admitted that the House Report speaks for itself; otherwise denied.

34. Admitted that the House Report speaks for itself; otherwise denied.

35. Admitted that Section 98.075(1) of the Florida Statutes speaks for itself; otherwise denied.

36. Denied.

37. Denied.

38. Admitted that some individuals in the roughly 2,600 name sample of potential non-citizens responded to a statutory notice by providing evidence of citizenship to supervisors of elections; otherwise denied.

39. Without knowledge and therefore denied.

40. Denied as to the first sentence. As to the second sentence, admitted that the name "Karla Arcia" from Miami-Dade County appears in the sample because she was identified as a *potential* non-citizen, but denied that she or any other individual in the sample "is required to be removed from the statewide voter registration system." As to the third sentence, without knowledge and therefore denied. Denied as to the fourth sentence. To the extent not specifically admitted, the allegations in this paragraph are denied.

41. Admitted that the name "Melande Antoine" from Miami-Dade County appears in the sample because she was identified as a *potential* non-citizen, but denied that the Secretary conclusively identified any individuals as non-citizens; otherwise without knowledge and therefore denied.

42. Denied.

43. Admitted that one County Supervisor of Elections did not pursue the notice and removal process in section 98.075, Florida Statutes, and admitted that most have pursued the process; otherwise, without knowledge and therefore denied.

44. Denied.

45. Denied.

46. Admitted that Section 8(c)(2)(A) of the NVRA speaks for itself; otherwise denied.

47. Admitted that the NVRA and House Report speak for themselves; otherwise denied.

48. Admitted.

49. Denied as to the first sentence. As to the second sentence, without knowledge and therefore denied. As to the third sentence, denied that the Florida Statutes contain a Section 48.075(7). To the extent this paragraph of the Complaint is intended to reference Section 98.075(7), admitted the statute speaks for itself; otherwise denied.

50. Denied as to the first sentence. As to the second sentence, admitted that the Secretary has requested supervisors of elections to comply with section 98.075, Florida Statutes; otherwise denied. As to the third and fourth sentences, denied.

51. Admitted that the NVRA speaks for itself; otherwise denied.

52. Admitted that the NVRA and its legislative history speak for themselves; otherwise denied.

53. Admitted that the NVRA and its legislative history, and the referenced case, speak for themselves; otherwise denied.

54. As to the first sentence, denied that the referenced letter was on provided on behalf of Plaintiffs or constituted the pre-suit notice required by the NVRA. As to the second sentence, denied that there was a violation; otherwise, denied.

55. The Secretary restates and incorporates paragraphs 1 through 30 and 54.

56. Admitted that 42 U.S.C. § 1983 speaks for itself; otherwise denied.

57. Admitted that 42 U.S.C. § 1973a speaks for itself; otherwise denied.

58. Admitted that Plaintiffs seek declaratory relief and that Section 2 of the VRA speaks for itself; otherwise denied.

59. Admitted that 42 U.S.C. § 1973 speaks for itself; otherwise denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. The Secretary restates and incorporates paragraphs 1 through 45 and 54.

66. Admitted that 42 U.S.C. § 1983 speaks for itself; otherwise denied.

67. Admitted that Section 11(b) of the NVRA speaks for itself; otherwise denied.

68. Admitted that Plaintiffs seek declaratory relief and that the statutes speak for themselves; otherwise denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. The Secretary restates and incorporates paragraphs 1 through 24 and 46 through 54.

79. Admitted that 42 U.S.C. § 1983 speaks for itself; otherwise denied.

80. Admitted that Section 11(b) of the NVRA speaks for itself; otherwise denied.

81. Admitted that Plaintiffs seek declaratory relief and that Section 8(c)(2)(A) of the NVRA speaks for itself; otherwise denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. The Secretary restates and incorporates paragraphs 1 through 87.

89. Admitted that 42 U.S.C. § 1983 and Section 11(b)(2) of the NVRA speak for themselves; otherwise denied.

90. Denied.

91. Denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have not fulfilled a condition precedent to bringing all or parts of Counts II-IV because Plaintiffs have not provided Defendant with the pre-suit notice required by 42 U.S.C. § 1973gg-9(b).

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not identified a case or controversy sufficient to create jurisdiction in this Court.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against the Defendant upon which relief can be granted.

Respectfully submitted,

___/s/ Ashley E. Davis___________
**Daniel E. Nordby**
General Counsel
Florida Bar No. 14588
**Ashley E. Davis**
Assistant General Counsel
Florida Bar No. 48032
Florida Department of State
R. A. Gray Building
500 South Bronough Street
Tallahassee, FL 32399-0250
(850) 245-6536
(850) 245-6127 facsimile

*Counsel for Kenneth W. Detzner*
*Florida Secretary of State*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing will be sent electronically to all counsel of record via the Clerk's CM/ECF system this 12th day of July, 2012.

_____/s/ Ashley E. Davis_________
Attorney