## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| **KARLA VANESSA ARCIA, an individual, MELANDE ANTOINE, an individual, VEYE YO, a civic organization based in Miami-Dade County, FLORIDA IMMIGRANT COALITION, INC., a Florida non-profit corporation, NATIONAL CONGRESS FOR PUERTO RICAN RIGHTS, a Pennsylvania non-profit corporation, FLORIDA NEW MAJORITY, INC., a Florida non-profit corporation, and 1199SEIU UNITED HEALTHCARE WORKERS EAST, a Labor Union,**  **Plaintiffs,**  v.  **KEN DETZNER, in his official capacity as Florida Secretary of State,**  **Defendant.** | Case No. 1:12-cv-22282-WJZ  Honorable Judge William J. Zloch |

## RULE 26 CONFERENCE REPORT

Pursuant to this Court's Order of July 16, 2012, Dkt. 22, Plaintiffs hereby submit the following report pursuant to Fed. R. Civ. P. 26, and Local Rule 16.1(b). Unfortunately, this is not a joint report, because Plaintiffs have yet to receive *any*

proposal from Defendant with respect to the issues required by Rule 26 (only a proposal not to set a schedule at all).

On August 2, 2012, counsel for both parties met and conferred telephonically. Prior to that call, on Wednesday, August 1, 2012, Plaintiffs distributed the proposed schedule set forth below.[1] Plaintiffs had also made a settlement offer with the hope that Defendant would agree to take steps, prior to the primary election, to alleviate the ongoing harms of his past actions. Counsel for the Defendant indicated they would respond to the Plaintiffs' proposals in the August 2 meeting. In the August 2 meeting, they indicated that rather than settling, they would on their own take steps over the next few days that they believed would moot Plaintiffs' claims. Plaintiffs responded that they hoped Defendant would in fact take steps to address past wrongs but noted that in the meantime this case is continuing and a schedule is still needed. Defendant's counsel then said that they would review Plaintiffs' proposed schedule, and respond with any counterproposals by August 8, 2012.

To Plaintiffs' knowledge, Defendant has not yet taken any steps to eliminate the harm already caused. While it may now be too late for Plaintiffs to seek emergency relief prior to the primary, that is not the case with respect to the general election. Thus, a schedule is needed that will enable Plaintiffs to seek a

---

[1] Plaintiffs reserved certain points for discussion in the draft proposal circulated to Defendant. Each such reservation is designated below.

2

preliminary injunction prior to the general election and then to litigate the case to culmination thereafter.

At the end of the day on August 8, Plaintiffs still had not received a proposed schedule from Defendant.  Plaintiffs thus contacted Defendant's counsel to ask when they could expect one and to indicate that they still believed it was preferable to submit a joint report to this Court.  Defendant's counsel responded that they agreed it was best to submit a joint report and would simply add their proposal to the end of what Plaintiffs had sent.  Plaintiffs then explained that they needed to see Defendant's proposal before the two proposals could be submitted as part of a joint filing.  A copy of this correspondence has been attached as Exhibit A to this Report.

Defendants did not respond until 5:22pm on August 9, as Plaintiffs were preparing to file, which left Plaintiffs with inadequate time to work out a joint report, leading to this separate filing.  Defendant's response contained an attachment with the following:

> Plaintiffs' proposed schedule – stretching into at least August of 2013 – is entirely unwarranted given the narrow and easily resolved issue remaining in this case.  The Secretary has not engaged in the provision of MDAVE data to county Supervisors of Elections since April 2012.  Because of this, the District Court for the Northern District of Florida recently ruled, in a case brought by the United States and making the same claims Plaintiffs raise here, that the United States' claims for *prospective* relief fail as a matter of law, *See United States v. Florida*, _ F. Supp. 2d _, No. 4:12-cv-00285-RH-CAS, 2012 WL 2457506 (Fla. N.D. June 28, 2012) (order denying

3

temporary injunction). There is thus no basis for prospective relief or discovery on those issues. Moreover, Plaintiffs have not identified any injury to individuals who received a notice of potential ineligibility but were not removed from the rolls and seek no remedy on their behalf of. And Plaintiffs surely do not contend that any non-citizens who were *properly* removed should be restored to the voter registry. Accordingly, it is indisputable that the only remaining issue in this case is whether Plaintiffs may obtain retrospective relief regarding any registered voters who were wrongfully removed from the voter registration rolls based on the Secretary's provision of MDAVE data to county Supervisors of Elections in April 2012.

The narrow question of whether any eligible voters were removed based on the Secretary's provision of MDAVE data in April can be resolved far more quickly and simply than Plaintiffs propose. After months of improper delay, the Department of Homeland Security ("DHS") committed on July 9, 2012, to grant the Secretary access to its Security Systematic Alien Verification for Entitlements Database (SAVE database). The Secretary and DHS are finalizing the terms of a Memorandum of Agreement (MOA) governing such access. Since the State of Florida wants to verify that properly registered voters were not removed from the rolls, the Secretary will promptly use the SAVE database to check whether any of the voters removed from the rolls pursuant to the process challenged in this case were, in fact, citizens. In the event that any eligible voters were wrongfully removed, the Secretary will ensure that they are immediately restored to the rolls and notified that any prior notice of ineligibility was in error. The Secretary expects that his office will complete its cross-check of removed voters in no more than seven days after access is granted, and expects that access will be granted within two weeks, if not sooner. The Secretary will promptly provide a report to Plaintiffs explaining the verification process and its results.

Once the Secretary's cross-check has been completed, Plaintiffs' claims in this suit will have been entirely resolved, and there will be no basis for further discovery. Accordingly, Defendants respectfully request that this Court not adopt Plaintiffs' burdensome discovery schedule, and not adopt any schedule at least until the Secretary has completed the review described above and Plaintiffs

offer some explanation of why further proceedings in this action are warranted.

In this response, Defendant has not provided any counterproposal as to schedule, nor in any way indicated which, if any, aspects of Plaintiffs' proposed schedule he finds objectionable. Instead, Defendant has suggested there need not be any schedule at all on the basis of future steps he says he plans to take. But the Defendant has neither agreed to a settlement nor taken the steps he says will moot Plaintiffs' claims. And he cannot possibly suggest that Plaintiffs' claims are currently moot – he has not filed a motion to dismiss those claims and could not possibly do so based on intended future steps. Nor is Defendant right that the steps he says he plans to take will moot Plaintiffs' claims. As Plaintiffs have repeatedly explained to Defendant's counsel, Defendant's past actions have caused two types of ongoing harms: (1) by causing election supervisors to send letters to a significant number of voters informing them that they would be removed from the voter rolls if they did not prove their U.S. citizenship within 30 days, Defendants actions have indicated to many that they are ineligible to vote, and (2) by providing direction that led election supervisors to remove some voters from the rollss based principally on an unreliable list, Defendant's actions already have led to the removal from the rolls of some individuals who are likely eligible to vote..

Although Plaintiffs have repeatedly explained the issue with respect to the first category of voters, Defendant has not indicated that he plans to take any steps

5

to remedy the harm caused with respect to these voters.  He has not, for example, proposed any plan to inform the voters who received letters but who were not in fact purged that they remain eligible to vote (using regular, non-provisional ballots).  But in the absence of such an action, there is clear harm – a group of largely Latino and African American voters has received information likely to intimidate many from voting and that has forced Plaintiff organizations to need to engage in extra effort to help ensure eligible voters know that they can vote.  Moreover, with respect to the second category (voters removed from the rolls), there is no basis at present to believe that Defendant will be able to accurately employ a new database this close to an election to restore eligible voters to the rolls.  Finally, as Plaintiffs explained at the status conference and explained again to Defendants, we intend to amend our complaint to add claims related to the State's plan for a new voter purge prior to the general election.  All of these are issues that will impact upcoming elections and thus require *prospective* relief.  The fact that they result from retrospective actions in no way alters that fact.  And there is no basis whatsoever to wait additional time before even establishing a schedule given the closeness of elections.

     Accordingly, in the absence of agreement, Plaintiffs respectfully ask this Court to enter the attached schedule.  Because the harms that Defendant has caused will impact the upcoming elections, a schedule is needed that will permit Plaintiffs

to seek a preliminary injunction, while also enabling this case to be litigated to culmination after the election. Plaintiffs' schedule takes these dual needs into account. Plaintiffs' proposed schedule envisions rapid discovery – a 7-day response time on requests made before October 31, 2012 when evidence could still be used to seek relief before the general election. But the schedule also proposes a mechanism to enable the parties to object to discovery requests that are overly burdensome to the need for rapid production.

      Accordingly, and in light of the Rule 26 Conference, Plaintiffs now report:

      (A) Settlement in this case is unlikely.[2]

      (B) At present, it appears that additional parties are unlikely to appear in this case.[3]

      (C) Plaintiffs propose that:

           (i) December 7, 2012 be designated as the last day on which to amend the pleadings;[4]

           (ii) No limit to file and hear motions shall be imposed, except that motions to compel that are filed prior to the general election on November 6, 2012 shall be subjected to a 3-day limitation on the time

---

[2] The version sent by Plaintiffs to Defendant reserved this point for discussion.
[3] The version sent by Plaintiffs to Defendant reserved this point for discussion.
[4] The version sent by Plaintiffs to Defendant reserved this point for discussion.

7

to respond, and a 2-day limit for the time to file a reply to that response;[5]

(iii) Discovery shall close on August 2, 2013.

(D) At present, there is no need to limit filings for summary judgment.

(E) In light of presently changing factual circumstances,[6] Plaintiffs stipulate that it will likely be necessary and desirable to amend the pleadings,[7] which, *inter alia*, will further simplify the issues and promote resolution of Plaintiffs' existing claims.

(F) Plaintiffs anticipate mutual willingness to stipulate to the authenticity of documents and electronically stored information or things, as well as a mutual willingness to obtain admissions of undisputed fact.

(G) Plaintiffs will strive to avoid any burdens caused by unnecessary proof and cumulative evidence.

(H) Plaintiffs do not oppose referring this matter to a Magistrate or Special Master if the Court believes that is preferable.[8]

(I) Plaintiffs preliminarily estimate that the time required for trial should not exceed three (3) days.[9]

---

[5] The version sent by Plaintiffs to Defendant reserved this point for discussion.

[6] It appears that Defendants plan to use a federal database to remove additional voters prior to the November federal elections.

[7] The version sent by Plaintiffs to Defendant reserved this point for discussion.

[8] The wording here is as was proposed by Plaintiffs to Defendants. To be clear, Plaintiffs believe that rapid discovery prior to the general election could be overseen by a Magistrate or Special Master.

(J) Plaintiffs request that this Court hold telephonic biweekly conferences until the November election, in which to discuss pending motions and any other issues that have arisen; Plaintiffs propose holding the final pretrial conference on September 13, 2012, and scheduling trial for October 9th – 11th, 2013.[10]

(K) On account of the proximity to August 14 and November 6 elections, Plaintiffs propose the following schedule:

(1) The parties will make initial disclosures on August 17, 2012.[11]

(2) If a party transmits discovery requests prior to October 31, 2012 and specifies that responses will be provided in 7 days, the receiving party will provide the requested discovery within 7 days. If the party receiving the requests objects to any of the requests or objects that it is too burdensome to respond to the particular request (or the aggregated requests) within 7 days, it shall object within 1 day of receipt and provide the objections electronically on that same day. The party transmitting the discovery can file a motion to compel at any time after receiving objections without waiting for a meet and confer. A response to a motion to compel will be due in 3 days and a reply due in 2 days. For motions to

---

[9] The version sent by Plaintiffs to Defendant reserved this point for discussion.

[10] The version sent by Plaintiffs to Defendant reserved setting the date to hold the final pretrial conference, and trial, for discussion.

[11] Plaintiffs initial version proposed August 9 as the appropriate date for initial disclosures. As Defendant has failed to respond and it is now August 9, Plaintiffs believe that initial disclosures should instead be made on August 17, 2012.

compel or responses to such motions, the page limit will be 10 pages. For replies, the limit will be 5 pages. In evaluating a burdensomeness objection, the Court may conclude that it is too burdensome for Defendant to respond in 7 days and can order a longer period for a response, but the Court shall also take into account the need for a response within the 7-day period if claims are to be evaluated prior to the upcoming election.

(3) For any depositions prior to the November 6 general election, depositions may be scheduled on 5 days notice.

(4) If Plaintiffs file a request for a preliminary injunction, the schedule for the briefing of that motion will be as follows: opposition brief due 7 days after the motion is filed; reply due 3 days after receipt of the opposition brief.

(5) If the Court agrees, it will hold telephonic bi-weekly status conferences between now and November to discuss any issues that have arisen, hear any motions, and discuss the upcoming schedule.

(6) In the event the issues in this case are not resolved as of the November 6 election, the cut off for all fact discovery will be May 6, 2013. Expert reports will be due on July 3, 2013. Expert depositions will occur by August 2, 2013. All discovery that occurs after November 6 will occur

on a normal schedule governed by the ordinary limits in the Federal

Rules of Civil Procedure absent a request for modification by the Court.

(L) Pursuant to Local Rule 3.8, the parties hereby notify this Court that this case has not been previously filed, and is substantially related to Case No. 4:12-cv-00285-RH-CAS (N.D. Fla.).

| | |
|---|---|
| Dated:  August 9, 2012 | By:     /s/ John De Leon            |
| | John De Leon |
| | [Fl. Bar No. 650390] |
| | LAW OFFICES OF CHAVEZ-DELEON |
| | 5975 Sunset Drive, Suite 605 |
| | South Miami, FL 33143 |
| | Telephone: (305) 740-5347 |
| | Fascimile: (305) 740-5348 |
| | |
| | Lorelie S. Masters |
| | Marc A. Goldman |
| | JENNER & BLOCK LLP |
| | 1099 New York Ave., N.W. |
| | Suite 900 |
| | Washington, DC  20001-4412 |
| | Telephone (202) 639-6000 |
| | Facsimile (202) 639-6066 |
| | |
| | ***Attorneys for Plaintiffs*** |

Katherine Roberson-Young, Esq.
Florida Bar No. 038169
3000 Biscayne Blvd., Suite 212
Miami, Florida 33137
(305) 571-4082
(305) 571-1396 (Fax)
katherine.roberson-young@seiu.org

*Attorneys for Plaintiffs 1199SEIU United Healthcare Workers East*

Penda Hair, Esq.
Katherine Culliton-Gonzalez, Esq.
Uzoma Nkownta, Esq.
Advancement Project
1220 L Street, N.W., Suite 850
Washington, D.C. 20005
(202) 728-9557
(202) 728-9558 (fax)
pendahair@advancementproject.org
kcullitongonzalez@advancementproject.org
UzomaNkownta@advancementproject.org

Ben Hovland, Esq.
Fair Elections Legal Network
1825 K Street NW, Suite 450
Washington, D.C. 20006
(202) 248-5346
(202) 331-1663 (fax)
bhovland@fairelectionsnetwork.com

Juan Cartagena, Esq.
Jose Perez, Esq.
Diana S. Sen, Esq.
LatinoJustice PRLDEF
99 Hudson Street, 14th Floor
New York, NY 10013-2815
(212) 219-3360
(212) 431-4276 (fax)
jcartagena@latinojustice.org
jperez@latinojustice.org
dsen@latinojustice.org

Catherine M. Flanagan, Esq.
Project Vote
1350 I St., N.W., Suite 1250
Washington, DC 20005
(202) 210-6903
(202) 629-3754 (fax)
cflanagan@projectvote.org

J. Gerald Hebert
191 Somervelle Street
#415
Alexandria, VA 22304
703-628-4673
Fax: 567-5876
Email: hebert@voterlaw.com

*Attorneys for Plaintiffs*

# EXHIBIT A

# Friedman, Joshua N.

| | |
|---|---|
| **From:** | Goldman, Marc A |
| **Sent:** | Thursday, August 09, 2012 10:38 AM |
| **To:** | Friedman, Joshua N. |
| **Subject:** | FW: Scheduling report |

**From:** Goldman, Marc A
**Sent:** Wednesday, August 08, 2012 6:17 PM
**To:** 'Nordby, Daniel E.'
**Cc:** Ashley.Davis@dos.myflorida.com
**Subject:** RE: Scheduling report

Dan,

I'm not sure if you're saying you want to add yours to ours before sending to us or before sending to the court. If the former, it's fine to start with what we sent you before.

If the latter, I would certainly like to see that before anything is filed first both to (a) see if we can work something out, and (b) see if it is really appropriate to make this a joint filing. In my experience, ordinarily, where differences remain between the parties as to a schedule, the parties give a brief explanation of their position. But as of now, we don't even know what your position is. (As I understood it last week, your initial position was that there should be no schedule because things may change, but you then said you would propose a schedule to us. So I have no idea what your current view is.)

Marc

**From:** Nordby, Daniel E. [mailto:Daniel.Nordby@DOS.MyFlorida.com]
**Sent:** Wednesday, August 08, 2012 6:09 PM
**To:** Goldman, Marc A
**Cc:** Ashley.Davis@dos.myflorida.com
**Subject:** Re: Scheduling report

We have not. I would plan to add it at the conclusion of yours and wanted to ensure I had your most current draft.

Sent from my iPhone

On Aug 8, 2012, at 5:27 PM, "Goldman, Marc A" <MGoldman@jenner.com> wrote:

> Have you sent a proposal? If so, I haven't seen that.
>
> **From:** Nordby, Daniel E. [mailto:Daniel.Nordby@DOS.MyFlorida.com]
> **Sent:** Wednesday, August 08, 2012 5:24 PM
> **To:** Goldman, Marc A
> **Cc:** Ashley.Davis@dos.myflorida.com
> **Subject:** Re: Scheduling report
>
> Mark:

I agree that a joint filing makes sense. I would suggest structuring the filing with your proposal first, followed by our proposal.

Do you have any changes to the draft you sent last week?

Dan

Sent from my iPhone

On Aug 8, 2012, at 5:10 PM, "Goldman, Marc A" <MGoldman@jenner.com> wrote:

> Mr. Nordby and Ms. Davis,
>
> When we spoke last Thursday, you indicated that you did not yet have a schedule to propose in response to the one we had sent but that you were going to send a draft by today.  That would enable us to try to work something out to file with the court.
>
> Can you let me know the status of that?  It's obviously getting very late to try to work something out.  At a minimum, we should see if we can make a joint filing.
>
> Thanks,
> Marc
>
> ---
>
> **Marc A. Goldman**
>
> Jenner & Block LLP
>
> 1099 New York Avenue, N.W.
> Suite 900
> Washington, DC 20001-4412
> Tel (202) 639-6087
> Fax (202) 661-4849
> MGoldman@jenner.com
> www.jenner.com
>
> ---
>
> CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.
>
> ---

**Florida is headed in the right direction!**
*Click to Enlarge*

<image001.jpg>

<image002.png> The Department of State is leading the commemoration of Florida's 500th anniversary in 2013. For more information, please go to www.fla500.com.

The Department of State is committed to excellence.
Please take our Customer Satisfaction Survey.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **KARLA VANESSA ARCIA, an individual, MELANDE ANTOINE, an individual, VEYE YO, a civic organization based in Miami-Dade County, FLORIDA IMMIGRANT COALITION, INC., a Florida non-profit corporation, NATIONAL CONGRESS FOR PUERTO RICAN RIGHTS, a Pennsylvania non-profit corporation, FLORIDA NEW MAJORITY, INC., a Florida non-profit corporation, and 1199SEIU UNITED HEALTHCARE WORKERS EAST, a Labor Union,**<br><br>　　　　**Plaintiffs,**<br><br>　　　　v.<br><br>**KEN DETZNER, in his official capacity as Florida Secretary of State,**<br><br>　　　　**Defendant.** | **Case No. 1:12-cv-22282-WSJ**<br><br>Honorable Judge William J. Zloch |

## **PROPOSED SCHEDULING ORDER**

　　Pursuant to Local Rule 16.1(b)(3), this Case shall be:

　　(A) Assigned to the standard case management track set forth in Local Rule 16.1(a)(2)(B);

　　(B) Discovery and briefing shall proceed as follows:

(1) The parties will make initial disclosures on August 17, 2012.

(2) If a party transmits discovery requests prior to October 31, 2012, and specifies that responses will be provided in 7 days, the receiving party will provide the requested discovery within 7 days.  If the party receiving the requests objects to any of the requests or objects that it is too burdensome to respond to the particular request (or the aggregated requests) within 7 days, it shall object within one day of receipt and provide the objections electronically on that same day.  The party transmitting the discovery can file a motion to compel at any time after receiving objections without waiting for a meet and confer.  A response to a motion to compel will be due in 3 days and a reply due in 2 days.  For motions to compel or responses to such motions, the page limit will be 10 pages.  For replies, the limit will be 5 pages.  In evaluating a burdensomeness objection, the Court may conclude that it is too burdensome for Defendant to respond in 7 days and can order a longer period for a response, but the Court shall also take into account the need for a response within the 7-day period if claims are to be evaluated prior to the upcoming election.

(3) For any depositions prior to the November 6 general election, depositions may be scheduled on 5 days notice.

(4) If Plaintiffs file a request for a preliminary injunction, the schedule for the briefing of that motion will be as follows: opposition brief due 7 days after the motion is filed; reply due 3 days after receipt of the opposition brief.

(5) If the Court agrees, it will hold telephonic bi-weekly status conferences between now and November 6 to discuss any issues that have arisen, hear any motions, and discuss the upcoming schedule.

(6) In the event the issues in this case are not resolved as of the November 6 election, the cut off for all fact discovery will be May 6, 2013. Expert reports will be due on July 3, 2013. Expert depositions will occur by August 2, 2013. All discovery that occurs after November 6 will occur on a normal schedule governed by the ordinary limits in the Federal Rules of Civil Procedure absent a request for modification by the Court.

(C) The Parties shall conduct all assertions of privilege in accordance with the Federal Rules of Civil Procedure, except where superseded by Local Rule.

(D) All amendments to the Parties' pleadings must be completed by December 7, 2012;

(E) All pretrial motions shall be filed by _____;

(F) All pretrial motions shall be resolved by this Court by _____;

(G) All discovery shall be conducted in accord with the Federal Rules of Civil Procedure, except where otherwise prescribed by this Court or modified by the Local Rules of this District;

(H) A pretrial conference shall be held _____;

(I) Trial shall be held _____.

**DONE AND ORDERED** in chambers at Fort Lauderdale, Broward County, Florida, this ____ day of ____, 2012.

_____
WILLIAM J. ZLOCH
United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2012, a true and correct copy of the foregoing was served on all counsel of record via CM/ECF.

Dated:   August 9, 2012                By:   /s/  John De Leon
                                              John De Leon