# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

|  |  |
|---|---|
| KARLA VANESSA ARCIA, an individual, MELANDE ANTOINE, an individual, VEYEYO, a civic organization based in Miami-Dade County, FLORIDA IMMIGRANT COALITION, INC., a Florida non-profit corporation, NATIONAL CONGRESS FOR PUERTO RICAN RIGHTS, a Pennsylvania non-profit corporation, FLORIDA NEW MAJORITY, INC., a Florida non-profit corporation, and 1199SEIU UNITED HEALTHCARE WORKERS EAST, a Labor Union, | Case No. 12-22282-CIV-ZLOCH <br><br> Honorable Judge William J. Zloch |
| Plaintiffs, |  |
| v. |  |
| KEN DETZNER, in his official capacity as Florida Secretary of State, |  |
| Defendant. |  |

## SECRETARY OF STATE'S RULE 26 CONFERENCE REPORT

Pursuant to this Court's Order of July 16, 2012, counsel for the parties met on August 2, 2012, via telephone for the purposes prescribed in Federal Rule of Civil Procedure 26(f). Secretary Detzner ("Secretary") submits the following report in accordance with this Court's Order and Local Rule 16.1(b).

## PRELIMINARY STATEMENT

As an initial matter, the Secretary is extraordinarily disappointed with the unilateral Rule 26 Report filed by Plaintiffs this evening. Rather than simply setting forth their proposed schedule, Plaintiffs have devoted more than one-half of their Report to: (1) expressing their disagreement with the Secretary's proposal to resolve the few justiciable issues remaining in this action in an orderly and expeditious manner; and (2) asserting that Plaintiffs' prospective claims are not moot because they may, at some point, amend their Complaint to add claims relating to *future* actions that the Secretary may take that Plaintiffs anticipate may harm their interests. The Secretary will not respond in kind. As Plaintiffs have declined to provide the Secretary's position in their own Report, the Secretary states the following:

## Secretary's Rule 26 Report

(A) Settlement in this case is likely.

The allegations in the Complaint involve a data-matching program limited to MDAVE information that has not been employed by the Secretary since April 2012. In considering a challenge filed by the United States to this very program, the Northern District of Florida recognized that the Secretary had voluntarily abandoned this program well before the lawsuit was filed. *See United States v. Florida*, _ F. Supp. 2d _, No. 4:12-cv-00285-RHCAS, 2012 WL 2457506 (Fla.

N.D. June 28, 2012) (order denying temporary restraining order). There is thus no basis for prospective relief or discovery on Plaintiffs' claims.

Moreover, Plaintiffs' Complaint does not identify any injury to individuals who received a notice of potential ineligibility but were not removed from the rolls and seek no remedy on their behalf. And Plaintiffs surely do not contend that any noncitizens who were *properly* removed should be restored to the voter registry. Accordingly, it is indisputable that the only remaining issue in this case is whether Plaintiffs may obtain retrospective relief regarding any registered voters who were wrongfully removed from the voter registration rolls based on the Secretary's provision of MDAVE data to county Supervisors of Elections in April 2012.

The narrow question of whether any eligible voters were removed based on the Secretary's provision of MDAVE data in April can be resolved far more quickly and simply than Plaintiffs propose. After months of improper delay, the Department of Homeland Security ("DHS") committed on July 9, 2012, to grant the Secretary access to its Security Systematic Alien Verification for Entitlements Database (SAVE database). The Secretary and DHS are finalizing the terms of a Memorandum of Agreement (MOA) governing such access. Since the State of Florida wants to verify that properly registered voters were not removed from the rolls, the Secretary will promptly use the SAVE database to check whether any of the voters removed from the rolls pursuant to the process challenged in this case

3

were, in fact, citizens. In the event that any eligible voters were wrongfully removed, the Secretary will ensure that they are immediately restored to the rolls and notified that any prior notice of ineligibility was in error. The Secretary expects that his office will complete its cross-check of removed voters in no more than seven days after access is granted, and expects that access will be granted within two weeks of this filing, if not sooner. The Secretary will promptly provide a report to Plaintiffs explaining the verification process and its results.

Once the Secretary's cross-check has been completed, Plaintiffs' claims in this suit will have been entirely resolved, and there will be no basis for further discovery.

If, at this point, settlement attempts are unsuccessful, the Secretary would propose the schedule and conditions set forth in the remainder of this report.

(B) Additional parties are unlikely to appear in this case.

(C) The Secretary proposes:

> (i) That August 14, 2012, be designated as the last day on which to amend the pleadings;
>
> (ii) That discovery be limited to the Plaintiffs' entitlement, if any, to retrospective relief regarding any registered voters who were wrongfully removed from the voter registration rolls based on the

Secretary's provision of MDAVE data to county Supervisors of Elections in April 2012.

(iii) That discovery shall close on November 13, 2012.

(D) The Secretary's proposal set forth in paragraph (A) would allow for simplification of issues, including the elimination of frivolous claims;

(E) The Secretary does not believe amendments to the pleadings are necessary, except to the extent that Plaintiffs would be willing to amend their Complaint to narrow the issues presented.

(F) The Secretary agrees with Plaintiffs in anticipating mutual willingness to stipulate to the authenticity of documents and electronically stored information or things, as well as a mutual willingness to obtain admissions of undisputed fact.

(G) The Secretary believes that the limitations on the scope of discovery and amendment to pleadings proposed above will avoid unnecessary proof and cumulative evidence.

(H) The Secretary does not believe this action will involve matters that will require referral to a Magistrate or Special Master.

(I) The Secretary does not believe this action will require a trial on the merits. In the unlikely event that the remaining matters cannot be resolved by agreement of the parties, the Secretary believes they will be suitable for resolution on appropriate dispositive motions.

(J) In light of the answer to paragraph (I), above, the Secretary does not request particular dates for a trial or pre-trial conference.

(K) The Secretary believes that the Plaintiffs' schedule—extending through October 2013—is entirely unwarranted given the narrow and easily resolved issue remaining in this case. The Secretary therefore opposes the extraordinarily broad, burdensome, and unnecessary modifications to the Federal Rules of Civil Procedure proposed in the Plaintiffs' Report.

A proposed order accompanies this report as Exhibit A, in accordance with the local rules.

Respectfully submitted,


 /s/  Daniel E. Nordby_____
Daniel E. Nordby
Florida Bar No. 48032
General Counsel
Daniel.Nordby@DOS.MyFlorida.com
Ashley E. Davis
Florida Bar No. 48032
Assistant General Counsel
Ashley.Davis@DOS.MyFlorida.com
Florida Department Of State
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399-0250
(850) 245-6536 telephone
(850) 245-6127 facsimile

*Counsel for Defendant*
*Ken Detzner, Secretary of State*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.


_/s/  Daniel E. Nordby_____