UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

Case No. 1:12-cv-22282-WJZ
Honorable Judge William J. Zloch

KARLA VANESSA ARCIA, an individual, MELANDE ANTOINE, an individual, VEYE YO, a civic organization based in Miami-Dade County, FLORIDA IMMIGRANT COALITION, INC., a Florida non-profit corporation, NATIONAL CONGRESS FOR PUERTO RICAN RIGHTS, a Pennsylvania non-profit corporation, FLORIDA NEW MAJORITY, INC., a Florida non-profit corporation, and 1199SEIU UNITED HEALTHCARE WORKERS EAST, a Labor Union,

        Plaintiffs,

        v.

KEN DETZNER, in his official capacity as Florida Secretary of State,

        Defendant.

## PLAINTIFFS' MOTION TO EXPEDITE PRELIMNINARY INJUNCTION PROCEEDINGS AND FOR TEMPORARY RESTRAINING ORDER

For the reasons set forth herein, Plaintiffs KARLA VANESSA ARCIA, MELANDE ANTOINE, VEYE YO, FLORIDA IMMIGRANT COALITION, INC., NATIONAL CONGRESS FOR PUERTO RICAN RIGHTS, FLORIDA NEW MAJORITY, INC., and 1199SEIU UNITED HEALTHCARE WORKERS EAST hereby move for an expedited briefing schedule and expedited consideration of their Motion for Preliminary Injunction and Summary Judgment ("Motion for Preliminary Injunction"). Plaintiffs further move for entry of a temporary restraining order enjoining Defendant from conducting any systematic purges aimed

at ineligible voters (including non-citizens) prior to the November 6 federal election until the Court has resolved Plaintiffs' Motion for Preliminary Injunction.  Defendant opposes this motion.  The reasons this Court should enter a temporary restraining order are the ones set forth in the Memorandum of Law accompanying Plaintiffs' Motion for Preliminary Injunction, as well as those set forth below.

In a mere 48 days, duly registered Florida voters will take to the polls to exercise their fundamental right to vote in the November 6, 2012, general federal election.  In this same short time, Defendant plans to conduct a systematic purge of Florida's voter rolls that, as Plaintiffs argue in their Motion for Preliminary Injunction filed herewith, not only violates the National Voter Registration Act's prohibition on systematic purges conducted within 90 days of a federal election, *see* 42 U.S.C. § 1973gg-6(c)(2)(A), but will likely result in eligible voters being denied their right to vote on Election Day.  Given the short amount of time remaining before Election Day, and the significant constitutional harm eligible Florida voters will likely suffer in the absence of an injunction against Florida's planned voter roll purge, Plaintiffs urge the Court to impose an expedited briefing and hearing schedule for Plaintiffs' Motion for Preliminary Injunction.

By imposing such an expedited schedule, this Court would – as it should – respect the policy of the State of Florida, which encourages courts to prioritize matters affecting elections in order to ensure that Florida's elections are administered smoothly.  Under Florida's Rule of Judicial Administration 2.215(g), state court judges have a "duty to expedite priority cases to the extent reasonably possible."  Rule 2.215(g) further provides that "[p]articular attention shall be given to . . . challenges involving elections."  While this Court is of course not bound by

Florida's Rules of Judicial Administration, the State's determination that legal challenges involving elections warrant expeditious consideration are equally applicable in the present case.

Defendant will not be prejudiced by an expedited briefing schedule. Courts in other United States Districts routinely require parties to file oppositions to motions for preliminary injunction in fewer days than are allotted for responses to other motions. *See, e.g.*, United States District Court for the District of Columbia Local Civil Rule 65.1(c) ("The opposition shall be served and filed within seven days after service of the application for preliminary injunction"). Moreover, Defendant has had ample time to analyze and apply the NVRA's prohibition on systematic purges within 90 days of a federal election, 42 U.S.C. § 1973gg-6(c)(2)(A), in the context of its present efforts to systematically remove alleged non-citizens from its voter rolls, as Defendant briefed the same legal question presented in Plaintiffs' Motion for Preliminary Injunction earlier this summer in *United States v. Florida*, No. 4:12-cv-00285-RH-CAS, 2012 WL 2457506 (N.D. Fla. June 28, 2012).

The fact that Plaintiffs did not file their Motion for Preliminary Injunction earlier in this litigation should not serve as a basis for this Court to deny Plaintiffs' Motion to Expedite now. Prior to filing their First Amended Complaint on September 12, 2012, and even after, Plaintiffs were seeking information regarding exactly how and when Defendant would implement his planned voter roll purge. It was only on September 10, 2012, that the State began training Supervisors of Elections on implementation of its program, making clearer how Defendant planned to proceed. Moreover, until September 12, 2012, Plaintiffs were negotiating with Defendant with the hope or resolving as many of the claims in this case as possible. The parties did not resolve the NVRA claims for which Plaintiffs now seek injunctive relief, and impending

3

election-related deadlines and practical considerations now more than ever establish the incontrovertible urgency of this case.

Additionally, a temporary restraining is warranted to prevent Defendant from removing voters from the rolls until the Court has had an opportunity to rule on Plaintiffs' Motion for Preliminary Injunction and Summary Judgment.  Each of the factors Plaintiffs must establish to obtain preliminary relief in the form of a TRO is present in this case.  "The standard for obtaining a temporary restraining order and a preliminary injunction are the same." *Suzuki Motor Corp. v. Jiujiang Hison Motor Boat Mfg. Co., Ltd.*, No. 1:12–cv–20626, 2012 WL 529967, at *1 (S.D. Fla. Feb. 17, 2012) (citing *United States v. DBB, Inc.,* 180 F.3d 1277, 1284 (11th Cir. 1999).  Because the standard for a preliminary injunction is met, as Plaintiffs explain in the Memorandum of Law attached to their Motion for Preliminary Injunction, the standard for a temporary restraining order is met as well.  A temporary restraining order is particularly appropriate in this case to stop Defendant from  removing any voters from the rolls while the court considers Plaintiffs' Motion for Preliminary Injunction.  Citizens' fundamental right to vote is at stake and there will be so little time before the November 6 election to identify and restore citizens who are wrongfully purged while this case continues.

In light of the important rights of eligible Florida voters at stake, and the particular need for expeditious treatment caused by the impending November 6, 2012, general election, Plaintiffs respectfully urge the Court to order that:

1. Defendant shall file his Opposition to Plaintiffs' Motion for Preliminary Injunction and Summary Judgment on or before Wednesday, September 26, 2012;

2. Plaintiffs shall file any Reply in support thereof on or before Monday, October 1, 2012;

4

3. A hearing on Plaintiffs' Motion for Preliminary Injunction and Summary Judgment is scheduled for Wednesday, October 3, 2012; and

4. A temporary restraining order is entered enjoining Defendant from conducting any systematic purges aimed at ineligible voters (including non-citizens), specifically including all plans to remove additional voters based on use of the SAVE database, during the pendency of Plaintiffs' Motion for Preliminary Injunction and Summary Judgment.

Dated:  September 19, 2012                              Respectfully submitted,


/s/ Katherine Roberson-Young
Katherine Roberson-Young, Esq.
Florida Bar No. 038169
3000 Biscayne Blvd., Suite 212
Miami, Florida 33137
(305) 571-4082
(305) 571-1396 (fax)
katherine.roberson-young@seiu.org


Of Counsel:

| | |
|---|---|
| Catherine M. Flanagan | Lorelie S. Masters |
| Michelle Kanter Cohen | Marc A. Goldman |
| **PROJECT VOTE** | **JENNER & BLOCK, LLP** |
| 1350 I St., N.W., Suite 1250 | 1099 New York Ave., N.W. |
| Washington, DC 20005 | Suite 900 |
| (202) 546-4173 | Washington, DC  20001-4412 |
| (202) 629-3754 (fax) | (202) 639-6000 |
| cflanagan@projectvote.org | (202) 639-6066 (fax) |
| mkantercohen@projectvote.org | lmasters@jenner.com |
| | mgoldman@jenner.com |

Ben Hovland
**FAIR ELECTIONS LEGAL NETWORK**
1825 K Street NW, Suite 450
Washington, D.C. 20006
(202) 248-5346
(202) 331-1663 (fax)
bhovland@fairelectionsnetwork.com

Juan Cartagena
Jose Perez, Esq.
Diana Sen, Esq.
**LATINOJUSTICE PRLDEF**
99 Hudson Street, 14th Floor
New York, NY 10013-2815
(212) 219-3360
(212) 431-4276 (fax)
jcartagena@latinojustice.org
jperez@latinojustice.org
dsen@latinojustice.org

J. Gerald Hebert
Campaign Legal Center
215 E Street NE
Washington, DC 20002
(202) 736-2200
ghebert@campaignlegalcenter.org

John De Leon
Florida Bar No. 650390
**LAW OFFICES OF CHAVEZ & DE LEON**
5975 Sunset Drive, Suite 605
South Miami, FL 33143
(305) 740-5347
(305) 740-5348 (fax)
jdeleon@chavez-deleon.com

Penda Hair
Katherine Culliton-Gonzalez, Esq.
Uzoma Nkwonta, Esq.
**ADVANCEMENT PROJECT**
1220 L Street, N.W., Suite 850
Washington, D.C. 20005
(202) 728-9557
(202) 728-9558 (fax)
pendahair@advancementproject.org
kcullitongonzalez@advancementproject.org
unkwonta@advancementproject.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that, on September 19, 2012, a true and correct copy of the foregoing was served on all counsel of record via CM/ECF.

Dated:    September 19, 2012               /s/ Katherine Roberson-Young
                                                          Katherine Roberson-Young, Esq.
                                                         Florida Bar No. 038169
                                                         3000 Biscayne Blvd., Suite 212
                                                         Miami, Florida 33137
                                                         (305) 571-4082
                                                          (305) 571-1396 (fax)
                                                          katherine.roberson-young@seiu.org

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

Case No. 1:12-cv-22282-WJZ
Honorable Judge William J. Zloch

KARLA VANESSA ARCIA, an individual, MELANDE ANTOINE, an individual, VEYE YO, a civic organization based in Miami-Dade County, FLORIDA IMMIGRANT COALITION, INC., a Florida non-profit corporation, NATIONAL CONGRESS FOR PUERTO RICAN RIGHTS, a Pennsylvania non-profit corporation, FLORIDA NEW MAJORITY, INC., a Florida non-profit corporation, and 1199SEIU UNITED HEALTHCARE WORKERS EAST, a Labor Union,

        Plaintiffs,

        v.

KEN DETZNER, in his official capacity as Florida Secretary of State,

        Defendant.

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO EXPEDITE PRELIMNINARY INJUNCTION PROCEEDINGS AND FOR TEMPORARY RESTRAINING ORDER

**THIS MATTER** is before the Court upon Plaintiffs' Motion to Expedite Preliminary Injunction Proceedings and For Temporary Restraining Order. Having reviewed the Motion, the Court **ORDERS** that:

1. Defendant shall file his Opposition to Plaintiffs' Motion for Preliminary Injunction and Summary Judgment on or before Wednesday, September 26, 2012;

2. Plaintiffs shall file any Reply in support thereof on or before Monday, October 1, 2012;

3. A hearing on Plaintiffs' Motion for Preliminary Injunction and Summary Judgment is scheduled for Wednesday, October 3, 2012; and

4. A temporary restraining order is entered enjoining Defendant from conducting any systematic purges aimed at ineligible voters (including non-citizens), specifically including all plans to remove additional voters based on use of the SAVE database, during the pendency of Plaintiffs' Motion for Preliminary Injunction and Summary Judgment.

**DONE AND ORDERED** at Fort Lauderdale, Broward County, Florida, this _____ day of _____, 2012.

_____

Honorable William J. Zloch, U.S.D.J.