IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Case No. 1:12-cv-22282-WJZ
Honorable Judge William J. Zloch

KARLA VANESSA ARCIA et al.,

Plaintiffs,

v.

KEN DETZNER, in his official capacity as Florida Secretary of State,

Defendant.

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant, Secretary of State Kenneth W. Detzner, ("Secretary") answers Plaintiffs' First Amended Complaint (DE 57) as follows; any allegations not specifically referenced herein are denied:

1. Defendant denies that the Florida Department of State has instituted a program "to carry out a systematic purge" and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 and, on that basis, denies those allegations.

2. Admitted except for quotations in parentheses and all characterizations of the Secretary's actions as a "purge," with the clarification that, in distributing the sample list, DOS reminded county supervisors that:

> The list that you will be receiving represents only non-immigrants initially identified in DHSMV's DAVE . . . . Please remember that you are still responsible for contacting these individuals and going through the process of verifying citizenship status before making a determination of eligibility for voter registration. You must follow the same

procedures, in law, that you have in the past whenever you receive information that a registered voter of yours is ineligible to be registered to vote.

3. Admitted that, in order to utilize the most reliable information possible, the Secretary repeatedly requested (and was wrongfully denied) access to the Department of Homeland Security's ("DHS") Security Systematic Alien Verification for Entitlements Database (SAVE), and that the Secretary suspended his use of data from the Department of Highway Safety and Motor Vehicles (DHSMV) MAN Driver and Vehicle Express (MDAVE) database pending a decision regarding access to SAVE. To the extent not specifically admitted, the allegations in this paragraph are denied.

4. Admitted that DHS informed the Secretary on July 9, 2012, that the Florida Department of State would have access to SAVE following the entry of an MOA, which was executed on August 14, 2012; admitted that the Secretary has and will continue to forward the names of individuals who have admitted in writing to their status as non-citizens or who are identified as current non-citizens in SAVE, but who have registered to vote, to County Supervisors of Elections for initiation of the statutory notice-and-hearing procedure.

5. Paragraph 5 does not require an answer because it asserts a legal conclusion. To the extent that any answer is required, denied.

6. Paragraph 6 does not require an answer because it asserts legal conclusions. To the extent that any answer is required, denied.

7. Paragraph 7 does not require an answer because it asserts a legal conclusion. To the extent that any answer is required, admitted.

8. Paragraph 8 does not require an answer because it asserts a legal conclusion. To the extent that any answer is required, admitted.

9. Defendant admits that Ms. Arcia is registered to vote and has voted in Florida, but

is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of any factual allegations contained in paragraph 9 and, on that basis, denies those allegations. Paragraph 9 also asserts a legal conclusion, to which no answer is required. To the extent any answer to that legal conclusion is required, denied.

10. Defendant admits that Mrs. Antoine is registered to vote and has voted in Florida, but is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of any factual allegations contained in paragraph 10 and, on that basis, denies those allegations. Paragraph 10 also asserts a legal conclusion, to which no answer is required. To the extent any answer to that legal conclusion is required, denied.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any factual allegations contained in paragraph 11 and, on that basis, denies those allegations. Paragraph 11 also asserts a legal conclusion, to which no answer is required. To the extent any answer to that legal conclusion is required, denied.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any factual allegations contained in paragraph 12 and, on that basis, denies those allegations. Paragraph 12 also asserts a legal conclusion, to which no answer is required. To the extent any answer to that legal conclusion is required, denied.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any factual allegations contained in paragraph 13 and, on that basis, denies those allegations. Paragraph 13 also asserts a legal conclusion, to which no answer is required. To the extent any answer to that legal conclusion is required, denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any factual allegations contained in paragraph 14 and, on that basis, denies

those allegations. Paragraph 14 also asserts a legal conclusion, to which no answer is required. To the extent any answer to that legal conclusion is required, denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any factual allegations contained in paragraph 15 and, on that basis, denies those allegations. Paragraph 15 also asserts a legal conclusion, to which no answer is required. To the extent any answer to that legal conclusion is required, denied.

16. Defendant admits that he is the Secretary of State for the State of Florida and is sued in his official capacity. Paragraph 16 also asserts a legal conclusion, to which no answer is required. To the extent any answer to that legal conclusion is required, denied.

17. Admitted.

18. Admitted, except denied that the Press Release referred to any "Program to Purge Alleged Non-Citizens," or "alleged" anything, or that the word "databases" appeared in bold and italic font as reproduced in the Amended Complaint.

19. Admitted, except denied that there was an "Initial Purge List."

20. Admitted, except denied that there was an "Initial Purge List" and denied to the extent it suggests that the Secretary was imposing additional requirements on county supervisors beyond state law.

21. Admitted, except to the extent it suggests that the Secretary was imposing additional requirements on county supervisors beyond state law.

22. Admitted that the MDAVE-only matching system resulted in the identification of some citizens as potential non-citizens; otherwise denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 and, on that basis, denies those

allegations.

24. Defendant admits that the "template notice letter" speaks for itself; otherwise denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 24 and, on that basis, denies those allegations.

25. Admitted that, in order to utilize the most reliable information possible, the Secretary requested access to SAVE, and that the Secretary suspended his use of MDAVE data. To the extent not specifically admitted, the allegations in this paragraph are denied.

26. Admitted that Defendant received a letter dated May 24, 2012 from Plaintiffs' counsel but denied that such letter constituted the *ante litem* notice required by 42 U.S.C. § 1973gg-9(b), which speaks for itself. To the extent not specifically admitted, the allegations in this paragraph are denied.

27. Admitted that on August 14, 2012, the Secretary stated that Florida would use SAVE to identify potentially ineligible registered voters and then forward the names of those voters to county supervisors of elections for initiation of the statutory notice-and-hearing process, and that these activities would occur within 90 days of a Federal election. To the extent not specifically admitted, the allegations in this paragraph are denied.

28. Admitted, except denied that Secretary Detzner referred to an "Initial Purge List."

29. Admitted that the SAVE database is a compilation of databases that contains information on legal immigrants who are issued *inter alia*, green cards or visas, as well as those who become naturalized citizens. Defendant is without knowledge or information sufficient to form a belief as to the purposes for which the SAVE database was designed and, on that basis, denies the second sentence in paragraph 29, but states that the Memorandum of Agreement executed by DOS and DHS authorizes DOS to use SAVE for the purpose of verifying citizenship and

immigration status information of non-citizen and naturalized or derived U.S. citizen registrants on Florida's voter registration rolls

30. Admitted that DOS and DHS executed an MOA on August 14, 2012, and admitted that the Secretary has announced his intention to use SAVE to verify the citizenship and immigration status of potentially ineligible registered voters as provided by the MOA. To the extent not specifically admitted, the allegations in this paragraph are denied.

31. Admitted that the quotation in the second sentence is an accurate recitation of the quote. To the extent not specifically admitted, the allegations in this paragraph are denied.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 and, on that basis, denies those allegations.

33. To the extent paragraph 33 asserts factual conclusions, admitted except denied that Defendant's activities are a "Program to Purge." To the extent paragraph 33 asserts legal conclusions, no response is required. To the extent a response is required, denied.

34. No response is required because Section 8(c)(2)(A) of the NVRA speaks for itself.

35. Paragraph 35 does not require an answer because it makes legal arguments. To the extent paragraph 35 quotes the NVRA and its legislative history, admitted that those materials speak for themselves.

36. Paragraph 36 does not require an answer because it makes legal arguments. To the extent a response is required, denied.

37. Paragraph 37 does not require an answer because it makes legal arguments. To the extent a response is required, denied.

38. Paragraph 38 does not require an answer because it makes legal arguments. To the extent a response is required, denied.

39. Admitted.

40. Denied.

41. Admitted that November 6, 2012 is less than 90 days from the date the Plaintiffs filed their Amended Complaint. Denied that the Secretary's identification of potential noncitizens who are registered to vote or the removal of noncitizens under the statutory notice-and-hearing process is "systematic." The remainder of paragraph 41 states legal conclusions, to which no response is required. To the extent a response is required, denied.

42. Admitted that the Secretary provided the County Supervisors of Elections with the names of voters who were potentially ineligible based on MDAVE data, and has stated publicly that he plans to forward to County Supervisors the names of individuals who are registered to vote but who are identified as non-citizens in SAVE within 90 days of the general election. To the extent not specifically admitted, the allegations in this paragraph are denied.

43. Paragraph 43 does not require an answer because it makes legal arguments. To the extent a response is required, denied.

44. Defendant incorporates the responses to paragraphs 1-43 above.

45. Paragraph 45 does not require an answer because it makes legal arguments. To the extent a response is required, denied.

46. Paragraph 46 does not require an answer because it makes legal arguments. To the extent a response is required, denied.

47. Admitted that the Secretary intends to forward the names of individuals who are identified as non-citizens in SAVE, but have registered to vote, to County Supervisors of

Elections. To the extent not specifically admitted, the allegations in this paragraph are denied.

48. Defendant incorporates the responses to paragraphs 1-43 above.

49. Paragraph 49 does not require an answer because it makes legal arguments. To the extent a response is required, admitted.

50. Paragraph 50 does not require an answer because it makes legal arguments. To the extent a response is required, admitted.

51. Paragraph 51 does not require an answer because it asserts a legal conclusion. To the extent a response is required, denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs have not identified a case or controversy sufficient to create jurisdiction in this Court.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Defendant upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' requested injunctive relief is barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to fulfill a condition precedent to bringing all or part of Counts I and II of the Amended Complaint because Plaintiffs failed to provide Defendant with the pre-suit notice required by 42 U.S.C. § 1973gg-9(b) sufficiently in advance of filing their Amended Complaint.

Date: October 2, 2012

/s/ Daniel E. Nordby
Daniel E. Nordby (Florida Bar No. 14588)
General Counsel
Ashley E. Davis (Florida Bar No. 48032)
Assistant General Counsel
Florida Department of State
R.A. Gray Building
500 South Bronough Street, Suite 100
Tallahassee, Florida 32399-0250
Telephone (850) 245-6536
Facsimile (850) 245-6127
Daniel.Nordby@DOS.MyFlorida.com
Ashley.Davis@DOS.MyFlorida.com

*Counsel for Defendant*

Michael A. Carvin
John M. Gore
Warren D. Postman
JONES DAY
51 Louisiana Avenue, N.W.
Washington D.C. 20001
Telephone (202) 879-3939
Facsimile (202) 626-1700
macarvin@jonesday.com
jmgore@jonesday.com
wpostman@jonesday.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing will be sent electronically to all counsel of record via the Clerk's CM/ECF system this 2nd day of October, 2012.

/s/ Daniel E. Nordby__________
Attorney